Okay, so before we begin, I just want to make sure, Mr. Ballard, can you hear us? Yes, sir, I can. Okay, great. Then why don't we go ahead and get started. Go ahead and state your appearance. May it please the court, my name is Simon Rosen. I represent the appellant Lara Kajajian, and the owner of a valid registered trademark, Larissa Love, L-A-R-I-S-S-A Love, as opposed to the appellee's mark, L-A-R-I-S-A Love, which is also pronounced Larissa Love. I would like to reserve three minutes, if I may, for rebuttal. Sure. Thank you. So, two overarching issues here. One, did the lower tribunal err by misallocating the burn of proof in regard to whether or not there was first and continuous use, uninterrupted, excuse me, we have priority, uninterrupted use of the Larissa Love trademark. It's our contention that the statute and case laws, that there's a strong presumption that once you have a valid registered mark, there's a strong presumption that it's a protectable mark. The lower tribunal ruled we do not have a protectable mark. So, we believe that we have a protectable mark, and there is the case, ample case law supporting that there should be a shifting of the burden. So, instead of applying the burden, putting the burden on my client, the burden should have been on the appellee to show there was an interruption or non-continuous use. It seemed to me that the burden was shifted back to Ms. Kobitz to show that she had the first filed trademark, and then it shifted back on the continuous use issue. So, wasn't that done properly with the burden shifting? What is it wrong? No, I do disagree. In fact, if I may, the court did rule that we have priority of use, and we are. I think the ruling was that we have first use. Well, I'm not confused. Can I just get the dates here? I believe that the plaintiff's trademark was registered in 2016, and your client's registration was 2018. Am I wrong about that? No, that is correct. Okay, so the presumption dates only back to 2018 upon registration. However, that's presumption of priority. The lower tribunal gave us priority. The lower tribunal decision ruled we have priority, but we lose the priority if we have this case fell on a finding of an interruption in use and non-continuous use. If I just may point out, the court at finding 43 acknowledges that the appellant bears the burden of showing her mark as protectable. The lower tribunal at 45 says that you need prima facie evidence and that the holder is entitled to a strong presumption. Significantly, the court at finding 47 opined, if Kajagian establishes that her mark has been properly registered, the burden shifts to Kopetz to show that the mark is not protectable. So, that is the finding. And at 49, the court opined, Kajagian has established that her Larissa Love mark is properly registered. The rest of the decision, the wheels fall off the cart. The court did not follow through. Instead, at findings 50 through 54, the court relied upon Kopetz's contention that Kajagian's Larissa Love mark is not protectable because Kopetz, not Kajagian, has priority of use because of Kopetz's Larissa Love mark. And in fact, the court at no point gave Kajagian the strong presumption, strong presumption of a protectable mark she's entitled to under the Zabambo, Z-O-B-M-O-N-D-O case that this court ruled upon in 2010. Furthermore, as far as the shifting goes, the Sungaku Works Limited versus RMC International Limited case that this court ruled upon almost 27 years ago held, quote, the registrant, my client, is granted the presumption of ownership dating to the filing date of the application for the federal registration, which bracketed would be 2018. So, we're seeking protection from 2018 moving forward. And this is the crux of this Sungaku decision, quote, and the challenger, Kopetz, must overcome this presumption by preponderance of the evidence. The court, in its decision, ruled the burdens on Kajagian to prove that continuous use. Well, I'm confused again. I'm not really sure, because you're now saying what I think is correct, that the presumption applies only from 2018 for your client. And the plaintiffs began the use of their mark in 2016. So, I'm really not understanding what your argument is. My argument, my client started in 1997. But the presumption applies only from 2018. Right. So, the redress, let me just, to be clear, what we're seeking is that this court find that no matter, this court ruled we have priority of use, that because our use predates, we can overcome who filed first and who registered first. It has to be continuous for up until 2018 when the registration occurred. It has to be continuous. Or at least until 2016 when the other, yeah. Right, but the burden is on Kopetz to prove non-continuous. Well. But let me just, there is. Unless you do that when the records are all in your client's hands as to the use. I mean, isn't it proper to place, once Kopetz has established that the mark was protectable from 2016, which was the shift back to her, that it shifts to JG and to make the, to present the evidence that it was continuous and uninterrupted from her claim in 1997? Why isn't that proper? Because once, I think you're, the date of the registration doesn't trigger the burden. You're linking the date of registration to when the burden, where the burden of proof is. I'm having the same problem, I think, that Judge Tunheim is having. The, in order to prevail, your client, somebody has to demonstrate that there's continuous use by your client before 2016, up through the time of the beginning, up to the time when the plaintiff, you know, registered her mark in 2016. So, I guess I'm also having some difficulty determining whether the evidence that was presented, regardless of who has the burden of proof, was sufficient to show continuous use. Because there are no dates in the declarations that say, you know, I started doing this and I did this once a week. There are no records. There's nothing other than something pretty vague. I started to mention at the outset that there are two overarching issues. I argued that the first is the burden of proof. Okay, and if this tribunal opines that you disagree that my client did not have the burden, and the lower court will only have a burden, then the question is, was there, did the court disregard substantial evidence, credible evidence, capricious disregard of evidence of continuous use? I argue, vehemently, there was ample evidence of continuous use. The first thing I want to say is when I analyze this court's decisions on what, let's analyze briefly, what constitutes continuous use? There's no obligation to show every day, every moment from 1997 on my client, in her mark, that was, she only registered her mark when she found out in 2017 that it was marked. She had no reason, no compelling reason to register her mark until she found out there was infringement in 2017. So when she finds out COPEX registers, she's alert, and right away she registers in 2018. So she does, okay? We have ample evidence that the court completely disregarded. We have, and I can just go through this briefly. We have, and this is prior to December 23rd, 2016. We have, the court in 58, finding of fact, acknowledges the images of Larissa Love-branded shampoo and conditioner bottles. And the court in a public rule that they're not evident of use in commerce. Now, under applicable case law, when it comes to goods, this is the Chance v. Pactel case. It says legal and significant use giving rise to rights and a mark for goods. For goods, it's derived from placing the mark in some manner on the goods directly or on their containers for packaging. So we have. So there were pictures, but am I reading the district court wrong when he said there's no sales receipt inventory information, there's no documentation of sales, and there's no evidence that she ever offered the hair products for sale? Just the pictures of them. If I may, there's testimony from Margaret in the declaration of Margaret Kajagian of the claimant Kajagian, of the appellant Kajagian, Lara Kajagian. There is testimony, a declaration from Banton, and I believe, and Shelly Banton as well. None of those really give dates or speak in any detail about continuousness. I mean, Banton's declaration is in the present tense, I buy the products. That has been underlined for 10 years, I believe, that Banton was purchasing it for the past 10 years. Let me just say this to your point, Your Honor, Judge Donahan. Under the Department of Parks, State of California, there was a bizarre Del Mundo case that this court decided in 2006, citing the New England duplicating case from way back in 51. It says, quote, use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark is competent to establish ownership even without evidence of actual sales. And to look for evidence of actual sales is clear error. You do not need actual sales. There were receipts submitted, tax receipts, showing she's doing business. As Larissa Love. She's also selling things that are not related, like shower gel and things. So the fact that she's in business doesn't by itself answer the question, it seems to me. If you look at the record of the exhibits presented and admitted into evidence, there's ample evidence that she started doing the shampoos prior to 2016. 2003 is what her declaration says. I just want to point out one thing. Every case that points out non-continuous use before the circuit has a defined moment, a specific time frame of no use. And, in fact, here you have two, the aptly presented two pieces of evidence to show non-continuous that this court relied upon, not this court, the local court relied upon. One was that the attorney for the aptly goes on to my client's website and doesn't see shampoos and conditioners. But you don't need, there's no evidence of Internet sales. We're not arguing this was in an Internet store. And, in fact, it's a different application of the trademark law for Internet sales. She has a brick-and-mortar store. You're not going to see it on her website. The second was the ex-love interest of the aptly showing up on one day and alleging I don't see it. So somebody paid not to see it, shows up on one day. My point is what the record shows is that in one moment in time, in one moment in time, there allegedly was no use. If you look at the record, I dare you to see, with due respect, I would argue that there is no finding. There is nothing you can touch, feel that shows there was a lapse in use. Whereas the casual corner is one year. The Department of Parks says in the distant past. Other cases, they admit that they had one year or two years not of no use. You can't touch your finger on anything that says for any definitive period of time there was no use. This is a case of circumstantial evidence. This is not direct evidence. This is circumstantial evidence of continuous use. Thank you. All right. Thank you very much, counsel. Thank you. You may proceed. Thank you, Your Honor. May it please the Court, my name is Dan Ballard, and I represent Ms. Kopetz and Larissa Love, LLC. As we argued in our answering brief, we think that the trial court properly assigned the burden of proof, actually reassigned the burden of proof to Ms. Kajiji to prove under the common law that she was the prior user of the Larissa Love mark. We also think the trial court did not clearly err when finding that Ms. Kajiji did not prove her prior use by compounding her to the evidence. Judge Tunholm sort of hit the nail on the head when he was asking questions about why isn't the reallocation of the burden of proof to Ms. Kajiji improper. It clearly is. Finding a fact 49 at ER 13 shows that Judge Fisher recognized that Ms. Kajiji had a properly registered trademark. That's fine. And it was effective as of December 2018, which affords that trademark certain presumptions under the law. We rebutted those presumptions by asserting our 2016 trademark registration. It's a prior registration. And so under Section 1115B-6, the prior registration defense completely rebutts any presumptions that Ms. Kajiji may have based on her registration. So we've got dueling registrations. Ours is senior. And my friend Mr. Rosen is factually incorrect when he says that the court found that Ms. Kajiji had prior abuse. In fact, the court only found that she had a registration effective as of December 18. And so the court shifted the burden back to Ms. Kajiji to prove prior abuse under the common law. Not only continuous use, but prior use under the common law. And as the question showed to Mr. Rosen, the evidence of that prior use and continuous use was deficient. And so we don't think the court clearly erred in finding that Ms. Kajiji didn't prove prior continuous use by reponding to the evidence. The burden issue, counsel, which I think you've described my understanding of exactly what the district court did, was the burden issue adequately preserved for appeal? We don't believe it was, Your Honor, and I think we briefed that in our answering brief. It's a fundamental issue about who has the right to assert trademark rights. Ms. Kajiji came into court saying we have a right that we're asserting. Prior to trial, we tried to make clear that the right that they were relying upon by the registration didn't apply based on our prior registration. And so they went into trial with this assertion, and even here on appeal, they're going on the assertion that their registration somehow trumps our prior registration. And so it often happens that in trademark infringement cases, you've got two registered marks that are sort of fighting it out on the battlefield. And so Congress set up a system where under Section 1057C, there's an exception for the presumption of constructive use of the mark. It doesn't apply to a prior registered mark. And again, under 1115B-6, none of the presumptions apply. And so I raised in my answering brief the factual question of, well, does Ms. Kotek's registration qualify as prior registration? And I mentioned in the brief that there really is no standard set yet. None of this was briefed. The law of notice was briefed on appeal. And so I don't think I have to reach that question about what standard applies when prior registration suffices to trigger these exceptions and defenses. Like I said, it wasn't briefed, so I think it was waived. But secondly, it's a stipulated fact that our registration for hair salon services includes the sale of third-party braided hair products. And so if you look at our registration and their registration, they both include the sale of shampoo and hair conditioner. So if there's a question about whether our registration actually triggers these defenses and exceptions, it does, because they're identical registrations. As for whether the evidence was sufficient to prove a preponderance of evidence that Ms. Kitchajian was a prior and continuous user, I think the record speaks for itself. And I don't have anything further to add. Yes, brother? Mr. Rosen says that it was your obligation, Ms. Kopitz' obligation, to prove that there was not continuous use. How would you do that? Yeah, proving a negative is a challenge. The short answer to that is I don't know. We provided discovery in this case. They provided no discovery, did no depositions, had no experts. And so I think the lack of evidence, of documentary evidence anyway, of their use, I guess is evidence of non-use. No further questions? Nothing further. Thank you, counsel. Thank you. I'll give you one minute, because we were over last time. So one minute. Thank you. Untrue about no discovery. All of the exhibits admitted to trial show what were presented to counsel. It was also initial disclosures. Very simple. There was no discovery request that went unanswered to the other side. So anything regarding the usage was presented to the other side. You have the declaration of the appellant, you have the declaration of the appellant's mother, and you have Shelly Banton, say, for more than ten years, talking about specifically shampoos and conditioners. You do speak specifically in that testimony about shampoos and conditioners. Conversely, you have there are a multitude amount of ways to show no use of the product. You speak to people in the field. You examine anyone. If Mr. Harrington went in on one occasion and says, I didn't see shampoos and conditioners, do you go in and ask, do you sell them? Do you offer them for sale? If the salesman says we don't offer them, you go in a second time. There's a multitude of ways to show she's not offering or selling shampoo products. We presented the bottles. We presented the conditioners. This is the testimony of the judge and the appellant. Thank you. All right, thank you very much, counsel. Thank you both, counsel, for your argument and briefing this case. This matter is submitted. I understand we have some guests today in the courtroom, so here's the procedure for that. We have the three of us as judges. We have to go conference. We're actually going to go talk about the cases that were just argued. While we're doing that, we have some law clerks here who will be happy to talk to you about not the cases today, but they'll be happy to talk to you about what it means to be a law clerk, those types of questions. And then once we're done conferencing, we will come out and we will answer questions again, not about the cases today, not about the cases tomorrow, but generally. Actually, not about the cases at all. Exactly, sure enough. But we will be happy to answer questions about being a judge and how we got here. And this judge here has some very interesting background. I'm not sure what he can talk about either, but he's going to be pretty interesting. So thank you very much. Thank you. All rise. This court for this session stands adjourned.
judges: GRABER, OWENS, Tunheim